IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY LYN STEVENSON, SR : | |
|           Plaintiff, : | |
| : | |
|      v. : | CIVIL ACTION NO. 15-5933 |
| : | |
| GREAT VALLEY SCHOOL : | |
| DISTRICT : | |
|           Defendant. : | |
| : | |

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

### I.  INTRODUCTION

Defendant, Great Valley School District (the "District"), by and through its undersigned counsel, hereby moves the Court for a protective order preventing Attorney Glenn H. Stephens III ("Attorney Stephens") from contacting the Defendant or its employees outside of the discovery process or harassing the District by posting inflammatory comments on District-operated social media outlets.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated the above-captioned action against the Defendant *pro se* on October 30, 2015 alleging discrimination, harassment, hostile-work environment, and retaliation.  The initial Complaint was based upon prior complaints which were brought pursuant to the District's Harassment Policy ("Policy 448") and which were subsequently filed with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC").

While the Policy 448 matters were pending, Attorney Stephens directly e-mailed the District's Superintendent and Director of Human Services concerning Plaintiff's discrimination

claims, although he was well-aware that the District was represented by counsel, Michael D. Kristofco, Esquire ("Attorney Kristofco") and that Attorney Kristofco had not consented to allowing Attorney Stephens to communicate directly with his client. See true and correct copy of the May 20, 2014 e-mail from Attorney Stephens to the District employees attached hereto as Exhibit "1", at pg. 2-3. At that time, Attorney Kristofco advised Attorney Stephens that he is not to communicate directly with his client concerning Plaintiff's claims, and that simply copying District counsel on direct emails to the District is still a direct communication with the District which is an ethics violation. See Id., at pg. 1-2. On May 21, 2014, Attorney Stephens stated that he would "communicate directly with [Mr. Kristofco's] firm going forward, for all 448 related matters," and referenced his understanding of the applicable ethics rule, Rule 4.2 of Pennsylvania's Rule of Professional Conduct. Id., at pg. 1.

Attorney Stephens represented the Plaintiff before both the EEOC and PHRC. Several months after this matter had been filed *pro se*, attorney Sharon R. Meisler, a member of the bar of the United Stated District Court for the Eastern District of Pennsylvania, moved this Court to admit attorney Glen H. Stephens *pro hac vice* to practice before this Court in this matter. By Order dated March 21, 2016, this Court granted Ms. Meisler's Motion and admitted Glenn H. Stephens *pro hac vice*.

### A. Attorney Stephens Improper Direct Contact With the District and Harassment of the District.

As of September 1, 2016, attempts at arriving at a settlement stalled. Frustrated with the District's settlement position, Attorney Stephens decided to by-pass counsel and sent an e-mail directly to 8 of the 9 School Board members of the District, as well as the District's Superintendent. In his email, Attorney Stephens requested "a facilitated dialogue regarding the employment situation of Anthony Stevenson…." See true and correct copy of the September 1,

{01316214 }                                  2

2016 email by Attorney Stephens to the District's Board is attached hereto as Exhibit "2". Attorney Stephens then mischaracterized the District's actions and settlement position as follows:

> According to the District's Counsel Mr. Kristofko, the School Board wants Anthony Stevenson - one of the few black teachers in the District - out of his job. To that end, the District brought in a black principal Mr. Hammond, and assigned Stevenson to Hammond in an attempt to make efforts to chase Stevenson out look less racist than in earlier attempts by white principal Souders.

See Id., at pg. 1. Attorney Stephens then attempted to directly persuade the District to engage in a different type of settlement discussion which he described as a "facilitated dialogue" with the implicit threat that if they did not reach a mutually agreeable resolution, the alternative was "years of costly litigation." Id

Subsequently, Attorney Kristofco responded to the email by plainly telling Attorney Stephens that he, in his capacity as District counsel, did not consent to Mr. Stephen's contacting his client directly. Specifically, Attorney Kristofco stated that:

> I am stunned that you have once again, after being clearly instructed in the past to the contrary, communicated directly with my client about the subject matter of this case. You do not have my consent to communicate directly with my client.
>
> As an attorney admitted to practice before the US District Court for the Eastern District of Pennsylvania pro hac vice, the Pennsylvania Rules of Professional Conduct apply to you in connection with this case. See E.D. PA. Local Rule Civ. P.  83.6 (Rule IV(B))(adopting Pennsylvania's Rules of Professional Conduct for use in the Eastern District of Pennsylvania).  Pennsylvania Rule of Professional Conduct 4.2 provides that:
>
> Rule 4.2. Communication with Person Represented by Counsel.
>
> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.
>
> http://www.pacode.com/secure/data/204/chapter81/s4.2.html

{01316214 }                                                        3

See true and correct copy of the September 2, 2016 email from Attorney Kristofco to Attorney Stephens attached hereto as Exhibit "3", at pg. 1.

Despite previously pledging to adhere to Rule 4.2 of Pennsylvania's Rule of Professional Conduct, this time Attorney Stephens took a belligerent tone and defended his right to directly communicate with the District stating that:

> I never know if your ignorance is feigned or real.
>
> If real, then do some research on the rule. Or maybe read it.
>
> Notice the term "Matter"?
>
> My ADR communication did not relate to any "matter" (e.g., the FDC case) - indeed it is an attempt to avoid any such litigation. To avoid a "matter."
>
> In addition, it is well established that non-contact rules like this are not blanket prohibitions on anyone with some relationship to an entity.
>
> Beyond that, your silly claim that my communication violates the rule ignores the purpose of the rule. The rule exists to prevent lawyers from exploiting contacts with represented persons to gain, for example admissions.
>
> I expressly instructed everyone on the school side to only communicate about the facilitated dialogue via their attorney. Therefore any communication coming back to me would be channeled an[sic] cleared by you.
>
> In short, my request for a facilitated dialogue doesn't fall within the rule.
>
> PS - Because unlike [sic], I don't see legal ethics as something to saber rattled about as part of an effort to gain advantage in litigation, I have vetted this issue and this rule with appropriate disciplinary counsels. They do not support your view of the rule.

See true and correct copy of the September 7, 2016 email from Attorney Stephens to Attorney Krsitofco attached hereto as Exhibit "4", at pg. 1.

Unfortunately, this was not the only issue. Attorney Stephens has also engaged in what can only be described as witness intimidation in communications with other teachers within the District.

{01316214 }    4

On August 21, 2016, Attorney Stephens sent an email to Steve Meiswich, another District teacher. In the email, Attorney Stephens states that:

> First, if you have an attorney, I must communicate with the attorney and not you. Lawyers cannot communicate directly with represented persons.
>
> Second, I am told you asked Anthony how you can help, help make this right.
>
> One way, you may be able to help is with testimony. Testimony about why you were reporting things about Anthony to the Principal and Superintendent
>
> Were you reporting things about him entirely of your own accord? Or did you initially report something and then the District asked you to report anything else that you observed?
>
> Let me put it another way. Was this simply a case of a teacher (you) complaining over and over about another teacher (Ant)? Or was this a case of the District recruiting or encouraging you to rat on Anthony?
>
> I can't ask you to lie or shade the truth. Testimony needs to be honest and accurate.
>
> But it would definitely help Anthony if it turned out that the District (the Principal and the Superintendent) were encouraging you to spy on him?
>
> Did they ask you to keep a file? Did their lawyer talk to you at all?
>
> From their past behavior, my hunch is that the District encouraged you to look for things and report things.
>
> Again, if you retain a lawyer, then I must communicate with the lawyer and you can't anwer (sic) any of the questions above.
>
> But if you don't have counsel and want to answer you may

<u>See</u> true and correct copy of the August 21, 2016 email from Glenn Stephens to Steve Meiswich attached hereto as Exhibit "5".

Frustrated by the fact that Mr. Meiswich did not respond or provide the information he asked for, Attorney Stephens decided to threaten Mr. Meiswich in an email titled "Avoiding union ethics charges and defamation suit." Specifically, Attorney Stephens stated that:

>Although you claimed you would help Anthony Stevenson with the fall out from you ratting him out to management, that offer is apparently just talk.
>
>You didn't even respond to my last e-mail. Let alone answer my question regarding the role of management in your unethical behavior.
>
>As a result, we are reexamining whether to file ethics charges against you and bringing defamation charges against you.
>
>To avoid this, we simply need a detailed description of how you became a management rat. Was this entirely your doing? Did management encourage it?
>
>If I don't have an answer in a week, we file ethics charges.
>
>Glenn Stephens
>
>PS - If you are represented by an attorney, give me their name and contact information. If we file defamation in state court we will need their contact information.
>
>PPS - If we are forced to sue in state court, we will ask for compensatory damages, punitive damaged (sic), and legal fees. I don't think much of management spies like you, so I would (sic) mind garnishing your wages or putting liens on your vehicles and property if I must.

See true and correct copy of the September 7, 2016 email from Glenn Stephens to Steve Meiswich attached hereto as Exhibit "6".

On that same day, on September 7, 2016, in response to the District's post of "Happy First Day of School!", Attorney Stephens commented as follows:

> Glenn Stephens Recently Assistant Superintendent Daniel Goffredo was allegedly caught videotaping female teachers doing pilates. IF this turns out to be true and any of those female teachers need a lawyer for purposes of sexual harassment actions at EEOC or PHRC, please let me know. Glenn Stephens Esq.

See true and correct copy of Facebook posting by Glenn Stephens attached hereto as Exhibit "7". Not only should the District not have to deal with this type of harassment by opposing counsel, the post is misleading in that, while soliciting for clients, Attorney Stephens holds himself out as an attorney without disclosing the fact that although he is admitted *pro hac vice* in this matter, he is not otherwise licensed to practice law within the Commonwealth of Pennsylvania.

The following day, on September 8, 2016, he again wrote another comment on the District's public Facebook page critiquing the lack of diversity and the percentage of black teachers in the District. He stated that:

> Part of wellness is supporting diversity. In 1985, the NAACP sued GVSD due to the lack of black professionals and teachers. At the time there just 8. 31 years have passed. We have had a black President. But GVSD's percentage of black teachers is lower than in 1985. Why? Might have something to do with the all white school board and the near all white management at the school or the fact the school's lawyers are all white. Rather than getting on the right side of history, GVSD is close to the mind set of Jim Crow and apartheid. If you care about the wellness of your non-white students, embrace rather than fighting faculty diversity. Just my opinion.

See true and correct copy of the text of the September 8, 2016 Facebook comment can be found in the e-mail that is attached hereto as Exhibit "8".

### III. ARGUMENT

#### A. A Protective Order Is Needed to Bar Attorney Stephens from Engaging in Harassing, Offensive, and Unethical Conduct.

To obtain a protective order, the Third Circuit requires the party seeking the order to "show good cause by demonstrating a particular need for protection." See Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). Good cause is established with a showing that disclosure will work a "clearly defined and serious injury" to the party seeking protection. See Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). The alleged injury must be shown with specificity. See Cipollone, 785 F.2d at 1121.

In this district, the professional conduct of attorneys is governed by the Rules of Professional Conduct ("PA ST RPC") as adopted by the Supreme Court of Pennsylvania. See Local. R.Civ.P. 83.6, sub-Rule IV(B). See also Pyne v. Procacci Bros. Sales Corp., No. CIV.A. 96-7314, 1997 WL 634370, at *1 (E.D. Pa. Oct. 8, 1997). The scope of the court's inherent power is very broad, and it includes the authority to control admission to its bar and to discipline

attorneys who appear before it, including those admitted *pro hac vice*." Mruz v. Caring Inc., 107 F. Supp.2d 596 (D. N.J. Aug. 4, 2000) (citing Chambers v. NASCO, 501 U.S. 32 (1991).   In the present case, there is good cause for the District's need for the protection offered by a protective order.  Attorney Stephens has shown a persistent failure to adhere to the Rules of Professional Conduct.  Attorney Stephens' incivility, abusive advocacy and intemperate conduct has had real and material prejudicial effects on the District which are entirely unacceptable, and which must be stopped.

### 1.  Direct Communications with District Employees in Violation of Rule 4.2 of the Rules of Professional Conduct.

One of the more egregious examples of Attorney Stephen's continuing unethical conduct is his repeated direct communications with the District's employees without the consent of District counsel.  Rule 4.2 of the Rules of Professional conduct state, in relevant part:  "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."  PA ST RPC Rule 4.2.  Comment 7 in Rule 4.2's Explanatory Comments further state:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

PA ST RPC Rule 4.2, Comment 7.  In direct contravention to Rule 4.2, Attorney Stephens directly e-mailed the District Superintendent and school board members.  The District Superintendent and board members that he has contacted are undoubtedly constituents of the District who supervise, direct or regularly consult with the District's lawyers regarding this

{01316214 }                                                                 8

matter. His direct communications without the consent of District Counsel stretches back to at least May 2014, long before this litigation began. Every time Attorney Stephens has directly contacted the District, District counsel has responded by making it clear that Attorney Stephens does not have consent to contact the District directly, and explicitly stating that this behavior violates the ethical rules. Nonetheless, despite the fact that he is well-aware of the applicable Rules of Professional Conduct, he continues to use his e-mails as a way to gain an advantage in litigation and as a way to intimidate the District. Most recently, on September 7, 2016, he e-mailed the entire District school board (absent one school board member) and the District's Superintendent directly to reach an alternative settlement to the "employment situation" of his client. See Exhibit 2. While purportedly claiming to be interested in "facilitated dialogue", Attorney Stephens intimidates the school board through threats of legal action, including threats of "years of costly litigation" and the expenditure of "considerable sum of money and much hassle" unless the District agrees. Id. This type of conduct is precisely what Rule 4.2 is designed to protect represented individuals against.

The District is particularly concerned following Attorney Stephen's most recent response to Attorney Kristofco's objection to his direct communications with the District's Superintendent and school board members. Attorney Stephens is now defending his right to engage in such communications and now appears to be emboldened to continue to do so. See Exhibit 4, pg. 1. It is precisely this refusal to acknowledge any wrongdoing on his part that is worrisome, and which is precisely why the District is in need of a protective order. Accordingly, Attorney Stephens should be precluded from directing any communications to any District employee or board member outside of the discovery process.

### 2. Inflammatory Comments Against the District and its Employees on District-Operated Social Media Outlets.

Attorney Stephens should also be precluded from making extrajudicial comments against the District and its employees on the District's own social media outlets. PA ST RPC Rule 3.6(a) states:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."

PA ST RPC Rule 3.6(a). Attorney Stephens' two Facebook comments which he posted on the District's public Facebook page, are clearly the type of prejudicial "extrajudicial statement" that this ethics rule is intended to prevent. Attorney Stephens' public post stating that "GVSD is close to the mind set of Jim Crow and apartheid" is clearly inflammatory and meant to incite the public against the District. His comment is also undoubtedly correlated to his claims of racial discrimination in this litigation, and therefore materially prejudices the District in this matter.

His second Facebook comment which raises serious allegations of impropriety against the District's Assistant Superintendent Daniel Goffredo, is harassing a District employee that he himself named as a potential witness in this litigation. See Plaintiff's Initial Disclosures, attached hereto as Exhibit "9", at pg 1. Attorney Stephens' Facebook post targeting Daniel Goffredo goes as far as stating that if allegations of misconduct by Daniel Goffredo "turn[] out to be true and any of those female teachers need a lawyer for purposes of sexual harassment actions at EEOC or PHRC, please let [him] know. Glenn Stephens, Esq." Id. Attorney Stephen's post is not only harassing Dr. Goffredo, it is also misleading. PA ST RPC Rule 7.3 states that a "lawyer shall not solicit [which includes via real-time electronic communications]….professional employment from a person with whom the lawyer has no family or prior professional

relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain. By targeting a specific group, and offering to provide legal services to that group, Attorney Stephens is in violation of Rule 7.3.  Additionally, Attorney Stephens' comment also violates PA ST RPC Rule 5.5(a)(2), which states that "[a] lawyer who is not admitted to practice in this jurisdiction shall not … hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."  PA ST RPC Rule 5.5.  By asking "female teachers" that "need a lawyer for purposes of sexual harassment actions at EEOC or PHRC" to contact him, and including his name and the title of "esquire" in the posting, Attorney Stephens is holding himself out to the public as an attorney admitted to practice in this jurisdiction.

### 3. Witness Intimidation and Harassment.

Recently, Attorney Stephens e-mailed Steve Meiswich, a District employee, and explicitly told Mr. Meiswich that he will be filing ethics charges against him unless Mr. Meiswich is willing to testify against the District.  A plain reading of Attorney Stephens' emails to Mr. Meiswich, particularly his second e-mail to him on September 7, 2016, makes clear that he is intentionally harassing and threatening Mr. Meiswich to pressure him to testify on his client's behalf.  See Exhibit 6 ("If we don't have an answer in a week, we file ethics charges"). Attorney Stephens went as far as to threaten to garnish Mr. Meiswich's wages.  See Id. ("I don't think much of management spies like you, so I would[sic] mind garnishing your wages or putting liens on your vehicles and property if I must").  As an attorney, this is a threat he knew or should have known was improper, as wages in Pennsylvania can only be garnished in very limited circumstances, such as: to pay off a judgment which relates to a divorce, support, a residential lease, federal and state taxes, union dues, and health care insurance premiums.  42 Pa. Cons. Stat. § 8127(a).

In regard to non-party witnesses, Rule 4.4(a), states "a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." PA ST RPC Rule 4.4. Attorney Stephens' attempts to obtain evidence against the District through coercive emails to Mr. Meiswich are clearly intended to harass, embarrass and/or burden Mr. Meiswich. This Court should protect the District and District employees, including Mr. Meiswich, from Attorney Stephens's continued unlawful harassment and witness intimidation.

## IV. CONCLUSION

Based upon the foregoing, the Great Valley School District respectfully requests that this Honorable Court grant its Motion for a Protective Order, and enter an Order in the form attached.

                                         **WISLER PEARLSTINE, LLP**

                                         **By:** s/ Michael D. Kristofco
                                         **MICHAEL D. KRISTOFCO, ESQUIRE**
                                         Pa. Bar No. 73148
                                         SILVIA DIAZ, ESQUIRE
                                         Pa. Bar. No. 312435
                                         460 Norristown Road, Suite 110
                                         Blue Bell, PA 19422
                                         (610) 825-8400
                                         *Attorneys for Defendant,*
                                         *Great Valley School District*

Dated: September 28, 2016