# Exhibit 1

**From:**          Glenn Stephens <drghs3@gmail.com>
**Sent:**          Wednesday, May 21, 2014 8:54 AM
**To:**            Michael D. Kristofco
**Cc:**            Lawrence D. Dodds
**Subject:**       Re: Great Valley School District

Mike:

To which communication specifically are you referring?  The communication to Ms. Koslo Stahl?

I will communicate directly with your firm.

Now to the substance . . .

First, whether I may represent my brother in law is not your decision to make. If that is your client's opinion, then you can work with them to draft a letter to that effect. Or an e-mail.

When your client responds in a proper fashion,  please cite some case or other authority for your conclusion that I may not represent Mr. Stevenson in the #448 process?

Or is this, like so much of what the District does, simply an arbitrary decision bereft of any semblance of legal foundation?

(The final question is a rhetorical question.)

Glenn Stephens Ph.D., Esq.

On Wed, May 21, 2014 at 8:36 AM, <mkristofco@wispearl.com> wrote:

Mr. Stephens

You have been told that we represent the District.  You have been expressly instructed not to communicate directly with any employee of the District concerning your brother's discrimination claims.  You have acknowledged that "direct communication with represented persons rather than their attorneys is an ethics violation."  Yet, you continue to send emails directly to our client.  Copying us on emails to our client or copying our client on emails to us is still a direct communication from you to our client.

Any future direct communication with our client will result in a complaint being lodged against you with the Pennsylvania Disciplinary Board and any other disciplinary board with whom you are licensed to practice.

Finally, you are not permitted to represent your brother in front of the District administration or Board on any matter. If your brother wishes representation, he should contact his union representative.

Michael D. Kristofco
Partner

# Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323
Telephone: (610) 825-8400
Facsimile: (610) 828-4887

mkristofco@wispearl.com
http://www.wislerpearlstine.com/

🖨 **Please consider the environment before printing this e-mail.**
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that, unless Wisler Pearlstine expressly states otherwise in this communication (including any attachments), any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or other matter addressed herein.

The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.

**From:** Glenn Stephens [mailto:drghs3@gmail.com]
**Sent:** Tuesday, May 20, 2014 2:22 PM
**To:** RKosloStahl@gvsd.org
**Cc:** alonoconus@gvsd.org; Michael D. Kristofco; Lawrence D. Dodds
**Subject:** Re: Great Valley School District

Ms. Koslo Stahl et al.:

May a complainant-employee, like my brother-in-law Anthony Stevenson, have a representative in the Great Valley School District Policy #448 process?

The only mention of "representative(s)" in AG-448 is found in Part (I)(C), which states "Staff may lodge complaints with their building principals or the District Harassment Liaisons, or may lodge complaints through their union representatives." This seems to suggest that, at least for purposes of filing a complaint, that representation is allowed and that the representative need not be a member of the PA Bar.

But whether broader representation in the Policy #448 process is allowed isn't clear.

Respectfully, I submit such representation should be allowed. First, AG-448 does not expressly disallow such representation. Second, AG-448 expressly provides for a role for non-attorney reps in the filing of complaints. Third, such representation only seems fair. The District and its officers are ably represented by counsel, complainant-employees should at least have the option of choosing representation, even if a non-attorney.

Finally, allowing non-attorney representation in the District internal #448 process would be consistent with representational rules in Pennsylvania Human Rights Commission (PHRC) and EEOC proceedings. Policy 448 cites and incorporates Title VII and the PHRA along with related regulations and guidance. In both the PHRC and EEOC processes, complainants are allowed representation (by attorneys or non-attorneys).  For example, I work in the area of federal employee discrimination-claims investigation, and federal employees are allowed representation even during the informal process (prior to filing a formal complaint).

I submit that since Policy 448 incorporates Title VII and the PHRA and related regulations and guidance, that complainants in the Policy 448 process should have the same representational rights and options that complainants have in the PHRC and EEO processes on which Policy 448 is modeled.

For these reasons, I respectfully request that the District allow me to serve as the non-attorney representative of Anthony Stevenson in the District's Policy 448 process.

Could you, the District or its counsel, please let me know if I may represent Anthony (in a non-attorney capacity) in the internal #448 process?

Thanks

Glenn Stephens

# Exhibit 2

{01133799 }

| From: | Glenn Stephens <drghs3@gmail.com> |
|---|---|
| Sent: | Thursday, September 01, 2016 11:37 PM |
| To: | mravenfeld@gvsd.org; sgunderson@gvsd.org; adaga@gvsd.org; jarmstrong@gvsd.org; ebehrle@gvsd.org; pforet@gvsd.org; cpalmaccio@gvsd.org; dbarratt@gvsd.org; khammond@gvsd.org; rspeakerpalubinsky@gvsd.org |
| Cc: | Nikki Salvatico; Waldie, Ruthann [PA]; Michael D. Kristofco; Silvia Diaz |
| Subject: | Facilitated Dialogue Request |

Dear All:

I write to request a facilitated dialogue regarding the employment situation of Anthony Stevenson, a teacher at the District's Sugartown ES.

According to the District's Counsel Mr. Kristofko, the School Board wants Anthony Stevenson - one of the few black teachers in the District - out of his job. To that end, the District brought in a black principal Mr. Hammond, and assigned Stevenson to Hammond in an attempt to make efforts to chase Stevenson out look less racist than in earlier attempts by white principal Souders.

In light of these recent events, I propose that we hold a facilitated dialogue, with the School Board, the Superintendent, District Counsels, Principal Hammond on one side and myself, Mr. Stevenson, and GVEA union representatives on the other to discuss Mr. Stevenson's future with the District. The facilitated dialogue would be confidential and would be conducted by a mediator or facilitator mutually agreeable to all parties. If the Union and the District have, for example, found one of the PA Bureau of Mediation's mediators to be good, we would use that mediator.

I use the term "facilitated dialogue" rather than mediation for three reasons. First, facilitated dialogues typically include a larger number of participants than mediation. Second, mediation is often associated with attempts to settle litigation. Third, facilitated dialogue avoids any implication that the parties are "splitting the baby" or meeting in the middle.

The facilitated dialogue I envision and propose would have a broader spectrum of participants than a mediation aimed at settlement of pending cases and would be more future looking than bakcward looking. The goal would be a productive frank dialogue aimed at arriving at a mutually agreeable outcome that avoids the need for future litigation.

In my opinion, as a experienced mediator and arbitrator, litigation is very profitable for lawyers, but seldom serves the interests of parties. If, by sitting down and having a robust discussion, we can avoid years of costly litigation, we can save my client, the District and PA taxpayers a considerable sum of money and much hassle.

On the District side, rather than responding directly, please communicate with your counsels Mr. Kristofco or Ms. Diaz regarding your willingness to engage in such a dialogue. On the case of the union side, please let either Anthony or I know if you would be willing to participate.

In any event, thanks for considering this non-conflictual alternative to litigation.

Glenn Stephens

# Exhibit 3

{01133801 }

| | |
|---|---|
| **From:** | Michael D. Kristofco |
| **Sent:** | Friday, September 02, 2016 8:57 AM |
| **To:** | 'Glenn Stephens' |
| **Cc:** | Sharon Meisler <smeisler@amslawpc.com> (smeisler@amslawpc.com); Lawrence D. Dodds; Silvia Diaz |
| **Subject:** | RE: Facilitated Dialogue Request |

Glenn

I am stunned that you have once again, after being clearly instructed in the past to the contrary, communicated directly with my client about the subject matter of this case. You do not have my consent to communicate directly with my client.

As an attorney admitted to practice before the US District Court for the Eastern District of Pennsylvania pro hac vice, the Pennsylvania Rules of Professional Conduct apply to you in connection with this case. See E.D. PA. Local Rule Civ. P. 83.6 (Rule IV(B))(adopting Pennsylvania's Rules of Professional Conduct for use in the Eastern District of Pennsylvania). Pennsylvania Rule of Professional Conduct 4.2 provides that:

Rule 4.2. Communication with Person Represented by Counsel.

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

http://www.pacode.com/secure/data/204/chapter81/s4.2.html

Michael D. Kristofco
Partner

# Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323
Telephone: (610) 825-8400
Facsimile: (610) 828-4887

mkristofco@wispearl.com
http://www.wislerpearlstine.com/

🖨 **Please consider the environment before printing this e-mail.**
The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.

**From:** Glenn Stephens [mailto:drghs3@gmail.com]
**Sent:** Thursday, September 01, 2016 11:37 PM
**To:** mravenfeld@gvsd.org; sgunderson@gvsd.org; adaga@gvsd.org; jarmstrong@gvsd.org; ebehrle@gvsd.org; pforet@gvsd.org; cpalmaccio@gvsd.org; dbarratt@gvsd.org; khammond@gvsd.org; rspeakerpalubinsky@gvsd.org
**Cc:** Nikki Salvatico; Waldie, Ruthann [PA]; Michael D. Kristofco; Silvia Diaz
**Subject:** Facilitated Dialogue Request

Dear All:

I write to request a facilitated dialogue regarding the employment situation of Anthony Stevenson, a teacher at the District's Sugartown ES.

According to the District's Counsel Mr. Kristofko, the School Board wants Anthony Stevenson - one of the few black teachers in the District - out of his job. To that end, the District brought in a black principal Mr. Hammond, and assigned Stevenson to Hammond in an attempt to make efforts to chase Stevenson out look less racist than in earlier attempts by white principal Souders.

In light of these recent events, I propose that we hold a facilitated dialogue, with the School Board, the Superintendent, District Counsels, Principal Hammond on one side and myself, Mr. Stevenson, and GVEA union representatives on the other to discuss Mr. Stevenson's future with the District. The facilitated dialogue would be confidential and would be conducted by a mediator or facilitator mutually agreeable to all parties. If the Union and the District have, for example, found one of the PA Bureau of Mediation's mediators to be good, we would use that mediator.

I use the term "facilitated dialogue" rather than mediation for three reasons. First, facilitated dialogues typically include a larger number of participants than mediation. Second, mediation is often associated with attempts to settle litigation. Third, facilitated dialogue avoids any implication that the parties are "splitting the baby" or meeting in the middle.

The facilitated dialogue I envision and propose would have a broader spectrum of participants than a mediation aimed at settlement of pending cases and would be more future looking than bakcward looking. The goal would be a productive frank dialogue aimed at arriving at a mutually agreeable outcome that avoids the need for future litigation.

In my opinion, as a experienced mediator and arbitrator, litigation is very profitable for lawyers, but seldom serves the interests of parties. If, by sitting down and having a robust discussion, we can avoid years of costly litigation, we can save my client, the District and PA taxpayers a considerable sum of money and much hassle.

On the District side, rather than responding directly, please communicate with your counsels Mr. Kristofco or Ms. Diaz regarding your willingness to engage in such a dialogue. On the case of the union side, please let either Anthony or I know if you would be willing to participate.

In any event, thanks for considering this non-conflictual alternative to litigation.

Glenn Stephens

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

# Exhibit 4

**Silvia Diaz**

| | |
|---|---|
| **From:** | Glenn Stephens <drghs3@gmail.com> |
| **Sent:** | Wednesday, September 07, 2016 12:53 PM |
| **To:** | Michael D. Kristofco |
| **Cc:** | Sharon Meisler <smeisler@amslawpc.com> (smeisler@amslawpc.com); Lawrence D. Dodds; Silvia Diaz |
| **Subject:** | Re: Facilitated Dialogue Request |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I never know if your ignorance is feigned or real.

If real, then do some research on the rule. Or maybe read it.

Notice the term "Matter"?

My ADR communication did not relate to any "matter" (e.g., the FDC case) - indeed it is an attempt to avoid any such litigation. To avoid a "matter."

In addition, it is well established that non-contact rules like this are not blanket prohibitions on anyone with some relationship to an entity.

Beyond that, your silly claim that my communication violates the rule ignores the purpose of the rule. The rule exists to prevent lawyers from exploiting contacts with represented persons to gain, for example admissions.

I expressly instructed everyone on the school side to only communicate about the facilitated dialogue via their attorney. Therefore any communication coming back to me would be channeled an cleared by you.

In short, my request for a facilitated dialogue doesn't fall within the rule.

Glenn

PS - Because unlike, I don't see legal ethics as something to saber rattled about as part of an effort to gain advantage in litigation, I have vetted this issue and this rule with appropriate disciplinary counsels. They do not support your view of the rule.

Rule 4.2. Communication with Person Represented by Counsel.

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the **matter**, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

http://www.pacode.com/secure/data/204/chapter81/s4.2.html

Michael D. Kristofco
Partner

# Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323
Telephone:  (610) 825-8400
Facsimile:  (610) 828-4887

mkristofco@wispearl.com
http://www.wislerpearlstine.com/

🖨 **Please consider the environment before printing this e-mail.**
The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.

**From:** Glenn Stephens [mailto:drghs3@gmail.com]
**Sent:** Thursday, September 01, 2016 11:37 PM
**To:** mravenfeld@gvsd.org; sgunderson@gvsd.org; adaga@gvsd.org; jarmstrong@gvsd.org; ebehrle@gvsd.org; pforet@gvsd.org; cpalmaccio@gvsd.org; dbarratt@gvsd.org; khammond@gvsd.org; rspeakerpalubinsky@gvsd.org
**Cc:** Nikki Salvatico; Waldie, Ruthann [PA]; Michael D. Kristofco; Silvia Diaz
**Subject:** Facilitated Dialogue Request

Dear All:

I write to request a facilitated dialogue regarding the employment situation of Anthony Stevenson, a teacher at the District's Sugartown ES.

According to the District's Counsel Mr. Kristofko, the School Board wants Anthony Stevenson - one

of the few black teachers in the District - out of his job. To that end, the District brought in a black principal Mr. Hammond, and assigned Stevenson to Hammond in an attempt to make efforts to chase Stevenson out look less racist than in earlier attempts by white principal Souders.

In light of these recent events, I propose that we hold a facilitated dialogue, with the School Board, the Superintendent, District Counsels, Principal Hammond on one side and myself, Mr. Stevenson, and GVEA union representatives on the other to discuss Mr. Stevenson's future with the District. The facilitated dialogue would be confidential and would be conducted by a mediator or facilitator mutually agreeable to all parties. If the Union and the District have, for example, found one of the PA Bureau of Mediation's mediators to be good, we would use that mediator.

I use the term "facilitated dialogue" rather than mediation for three reasons. First, facilitated dialogues typically include a larger number of participants than mediation. Second, mediation is often associated with attempts to settle litigation. Third, facilitated dialogue avoids any implication that the parties are "splitting the baby" or meeting in the middle.

The facilitated dialogue I envision and propose would have a broader spectrum of participants than a mediation aimed at settlement of pending cases and would be more future looking than bakeward looking. The goal would be a productive frank dialogue aimed at arriving at a mutually agreeable outcome that avoids the need for future litigation.

In my opinion, as a experienced mediator and arbitrator, litigation is very profitable for lawyers, but seldom serves the interests of parties. If, by sitting down and having a robust discussion, we can avoid years of costly litigation, we can save my client, the District and PA taxpayers a considerable sum of money and much hassle.

On the District side, rather than responding directly, please communicate with your counsels Mr. Kristofco or Ms. Diaz regarding your willingness to engage in such a dialogue. On the case of the union side, please let either Anthony or I know if you would be willing to participate.

In any event, thanks for considering this non-conflictual alternative to litigation.

Glenn Stephens

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

--
Glenn Stephens III Ph.D., Esq.
Arbitrator Attorney Mediator Professor
Federal Employees Defense

This transmission, including any attachments, is confidential and/or privileged, as legal, settlement, mediation or arbitration related. It is intended solely for the use of the designated recipient(s). The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

# Exhibit 5

{01133803 }

 Gmail

**How you can help?**

---

**From:** Glenn Stephens <drghs3@gmail.com>
**Sent:** Sunday, August 21, 2016 3:35 AM
**To:** Steve Melswich
**Subject:** How you can help?

Steve:

First, if you have an attorney, I must communicate with the attorney and not you. Lawyers cannot communicate directly with represented persons.

Second, I am told you asked Anthony how you can help, help make this right.

One way, you may be able to help is with testimony. Testimony about why you were reporting things about Anthony to the Principal and Superintendent.

Were you reporting things about him entirely of your own accord? Or did you initially report something and then the District asked you to report anything else that you observed?

Let me put it another way. Was this simply a case of a teacher (you) complaining over and over about another teacher (Ant)? Or was this a case of the District recruiting or encouraging you to rat on Anthony?

I can't ask you to lie or shade the truth. Testimony needs to be honest and accurate.

But it would definitely help Anthony if it turned out that the District (the Principal and the Superintendent) were encouraging you to spy on him?

Did they ask you to keep a file? Did their lawyer talk to you at all?

From their past behavior, my hunch is that the District encouraged you to look for things and report things.

Again, if you retain a lawyer, then I must communicate with the lawyer and you can't answer any of the questions above.

But if you don't have counsel and want to answer you may.

# Exhibit 6

 Gmail

**Fwd: Avoiding union ethics charges and defamation suit**

From: Glenn Stephens [mailto:drghs3@gmail.com]
Sent: Wednesday, September 7, 2016 11:54 AM
To: Steve Meiswich <SMeiswich@gvsd.org>; Anthony & Leslie Stevenson <stevensonfamily08@gmail.com>
Subject: Avoiding union ethics charges and defamation suit

Steve:

Although you claimed you would help Anthony Stevenson with the fall out from you ratting him out to management, that offer is apparently just talk.

You didn't even respond to my last e-mail. Let alone answer my question regarding the role of management in your unethical behavior.

As a result, we are reexamining whether to file ethics charges against you and bringing defamation charges against you.

Gmail - Avoiding unconfirmed charges and defamation suit

To avoid this, we simply need a detailed description of how you became a management rat. Was this entirely your doing? Did management encourage it?

If I don't have an answer in a week, we file ethics charges.

Glenn Stephens

PS - If you are represented by an attorney, give me their name and contact information. If we file defamation in state court we will need their contact information.

PPS - If we are forced to sue in state court, we will ask for compensatory damages, punitive damaged, and legal fees. I don't think much of management spies like you, so I would mind garnishing your wages or putting liens on your vehicles and property if I must.

# Exhibit 7

{01133805 }

District 🔍



👍 Like     💬 Comment     ↪ Share

🕐 65                                                                    Chronological ▾

1 share

 AfC Urgent Care West Chester Welcome back students and teachers! Have a great school year!

Like   Reply   August 29 at 9:00am

 Glenn Stephens Recently Assistant Superintendent Daniel Goffredo was allegedly caught videotaping female teachers doing pilates. IF this turns out to be true and any of those female teachers need a lawyer for purposes of sexual harassment actions at EEOC or PHRC, please let me know. Glenn Stephens Esq.

Like   Reply   5 mins   Edited

# Exhibit 8

{01133806 }

----- Forwarded Message -----
From: "Facebook" <update+kjj13mpi@facebookmail.com>
To: "Regina Speaker Palubinsky"
Sent: Thursday, September 8, 2016 4:05:47 PM
Subject: Glenn Stephens commented on Great Valley School District's post.

=====================================
View on Facebook
https://www.facebook.com/n/?GreatValleySD%2Fposts%2F635803403268727&comment_id=636290639886670&aref=
1473365147468574&medium=email&mid=53c0444a7404cG4176ffefG53c048e3d431eG36G238a&bcode=1.1473365144
.AbnVWAGwlWTR9-kg&n_m=aram5%40ptd.net&lloc=1st_cta

=====================================

Hi Regina,

Glenn Stephens commented on Great Valley School District's post.

"Part of wellness is supporting diversity. In 1985, the NAACP sued GVSD due to the lack of black professionals and teachers. At the time there just 8. 31 years have passed. We have had a black President. But GVSD's percentage of black teachers is lower than in 1985. Why? Might have something to do with the all white school board and the near all white management at the school or the fact the school's lawyers are all white. Rather than getting on the right side of history, GVSD is close to the mind set of Jim Crow and apartheid. If you care about the wellness of your non-white students,embrace rather than fighting faculty diversity. Just my opinion."

Thanks,
The Facebook Team

Reply to this email to comment on this post.

# Exhibit 9

{01133807 }

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY LYN STEVENSON, SR.
Plaintiff,

v.                                              CIVIL ACTION NO. 15-5933

GREAT VALLEY SCHOOL DISTRICT
Defendant.

PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Anthony Lyn Stevenson Sr. ("Plaintiff" or "Stevenson"), by and through its undersigned counsel and pursuant to FRCP 26(a), hereby states its initial disclosures as follows:

A.  **The name and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

The following employees, former employees and students of the Great Valley School District are hereby named in connection with the above disclosure. All have a business address of 47 Church Road, Malvern, PA 19355 and a telephone number of (610) 889-2100 (unless otherwise listed).

|     | Name | Title | Contact Information |
|-----|------|-------|---------------------|
| 1.  | Edward Souders | Principal | |
| 2.  | Dan Goffredo | Assistant Superintendent | |
| 3.  | Robin Koslo-Stahl | Assistant Superintendent | |
| 4.  | Elizabeth Sargent | Teacher | |
| 5.  | Kari Allende | Teacher | |
| 6.  | Alan Lonoconus | Former Superintendent | |
| 7.  | Shawn Whitelock | Teacher | |
| 8.  | William Beyer | Former Teacher | |
| 9.  | Susan Tiede | Investigator | |
| 10. | Mr. Derby | School counselor | |
| 11. | Mrs. Dianna Cassels | Teacher | |
| 12. | Mr. Mathieu Weiner | Teacher | |
| 13. |  | Student Teacher | |
| 14. | Ms. Diane Ferko | Support staff | |
| 15. | Ms. Cindy Feinstein | Librarian | |
| 16. | Mr. John Stickley | Teacher | |
| 17. | Mr. Michael Trahey | Teacher | |
| 18. | Larry Cinciripino | Teacher | |
| 19. | Amy Carlino | Teacher | |
| 20. | Amanda Pierce | Assistant Principal | |
| 21. | Debbie Spencer | Teacher | |
| 22. | Nicola Salvatico | Teacher | |
| 23. | Tim Leary | Teacher | |
| 24. | Lisa Phoenix | Teacher | |
| 25. |  | Student | |
| 26. |  | Parent | |
| 27. |  | Student | |
| 28. |  | Student | |
| 29. |  | Student | |
| 30. |  | Student | |

| 31. |  | Student |  |
|-----|--|---------|--|
| 32. |  | Student |  |
| 33. |  | Student |  |
| 34. |  | Student |  |
| 35. |  | Student |  |
| 36. |  | Parent |  |
| 37. |  | Student |  |
| 38. |  | Student |  |
| 39. |  | Student |  |
| 40. |  | Student |  |
| 41. |  | Student |  |
| 42. |  | Student |  |
| 43. |  | Student |  |
| 44. |  | Student |  |
| 45. | Terry Lazar | Social Worker |  |
| 46. | Stephen O'Toole | Director of Technology |  |
| 47. | Mary Morelli | Secretary |  |
| 48. |  | Student |  |
| 49. |  | Parent |  |
| 50. | Rob Goldstein | Teacher |  |
| 51. | Edward Brown | Teacher |  |

The following are hereby named in connection with compensatory damages related to the above disclosure.

| 1. | Janice Reichert | Psychiatrist | Berkshire Psychiatric 716 North Park Road Wyomissing, PA 19610 (610) 375-0544 |
|----|-----------------|--------------|------|
| 2. | Michael Otto, M.A., L.P.C. | Professional Counselor | Berkshire Psychiatric 716 North Park Road Wyomissing, PA 19610 (610) 375-0544 |
| 3. | Personal Physicians TBD |  |  |
| 4. | Leslie Royer Stevenson | Wife of Plaintiff |  |
| 5. | Anthony Stevenson Jr. | Son of Plaintiff |  |
| 6. | Thomas Esterly | Teacher | TBD |
| 7. | Glenn Stephens | Brother-in-Law of Plaintiff |  |

The following non-GVEA PSEA officials are hereby named in connection with the above disclosure.

| 1. | Charlie Shaffer | Union Rep |  |
|----|-----------------|-----------|--|
| 2. | Paul Gottlieb | Union Rep |  |
| 3. | Martin Higgins | UniServ Representative |  |
| 4. | Nathan Greenawalt | Director of Special Field Programs |  |

The Plaintiff reserves the right to update, amend and supplement this list if necessary.

B. **Documents, including electronically stored information (e.g., e-mails) and tangible things, currently in the possession, custody, or control of Defendant and/or Defendant's counsel[1] that must be disclosed under FRCP 26 and 34 and Judge Schmel's E-discovery Rules.[2]**

1. The complete personnel files of Anthony Stevenson, Karin Allende, Elizabeth Sargent, Edward Souders, Daniel Goffredo, Alan Lonocunus, and Ronald Steckel.

2. Any documents related to racist or racial jokes circulated by Ronald Steckel via District email.

3. Any documents related to PHRC charges by the Mainline NAACP regarding the District's failure or refusal to hire African Americans (blacks) as professionals and teachers.

4. Workplace profiles for the District and the GVMS listing race and EEOC/PHRC activity from 2009-present.

5. The Districts EEOC position statement.

6. Policy #448 and Policy AG #448.

7. All #448 or other harassment complaints filed from 2009 to the present and related documents.

8. The investigative contract between the District and Susan Tiede and related documents.

9. Susan Tiede's resume, including a list of any investigative certification or EEOC/PHRC training.

10. All documents related to investigative certification or EEOC/PHRC training taken by Karin Allende, Elizabeth Sargent, Edward Souders, Daniel Goffredo, Alan Lonocunus, Ronald Steckel, or Leslie Koslo Stahl.

11. All Performance Improvement Plans (PIPs) given from 2009 to the present and related documents.

12. All performance- or PIP-related grievance filed from 2009 to the present and related documents.

13. The GVSD – PSEA Collective Bargaining Agreements applicable from 2009 to the present.

14. All *Weingarten*-meeting-related documents from 2009 to the present.

15. The racial identity of _____.

16. All documents related to strip searched of Marykate Gray and/or other GVSD students.

17. All written work criticisms of Anthony Stevenson, Elizabeth Sargeant, and Karen Willis and related documents.

18. All documents related to PSEA ethics charges or PSEA ethics sanctions (e.g., censure) against Elizabeth Sargeant and Sean Whitelock, including emails mentioning such charges or sanctions.

19. All records related to payment or compensation in kind (transportation, meals, toll fees, parking, gas mileage) provided to Sean Whitelock for his testimony in this or other proceedings.

21. Any documents, including supervisor notes, related to "discussions" between supervisors about alleged disciplinary or performance problems of Mr. Stevenson, Ms. Sargent or Ms. Allende Willis.

22. Any documents related to whether discussions of alleged disciplinary or performance problems of

---

[1]  Attorney client privileged and work product documents should be handled consistent with Judge Schmel's protocol.
[2]  http://www.paed.uscourts.gov/documents/procedures/schpolb.pdf

Anthony Stevenson, Elizabeth Sargent or Karen Allende Willis served as the basis for subsequent performance actions or disciplinary actions or their enhancement.

23. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers or students for use of their prosthetic devices (limbs, fingers, ears, etc.).

24. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers or students for Halloween costumes.

25. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers or students related to throwing of balls on athletic fields or the gymnasium.

26. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers or students where the District found no violation of a school rule or policy or witness accounts "indeterminable.".

27. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers or students for mentioning the name of their brother or sister in class.

28. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers for permitting students to operate the key that closes the bleachers.

29. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers or students for chasing after or running behind other students who were running on an athletic field or gym class.

30. All e-mails mentioning the term "ghetto."

31. Any documents related to the appeals of Policy 448 investigative reports.

32. Any documents related to instructions or directions by Team Leads, Department Chairs, or supervisors that a teacher not speak to another teacher.

33. All emails from the Plaintiff to his PSEA representative and/or Edward Sounders requesting a meeting regarding Karen Allende Willis.

34. Any documents, including related to instructions from supervisors, including Edward Souders, to teachers (e.g., Elizabeth Sargent) or students directing or instructing or advising them to keep a book or record related to the conduct or performance of a teacher.

35. The Notebook Ms. Sargent kept regarding Anthony Stevenson's conduct and performance.

36. A documents related to complaints or observations by students related to Ms. Sargent's treatment of the plaintiff, including complaints that she yelled at him.

37. Any social media posts related to Ms. Sargent's treatment of the Plaintiff.

38. Any documents, including principal notes, related to discussions with discussions or discipline of students related to social media posts related to Ms. Sargent's treatment of the Plaintiff.

39. Any documents related to Ms. Sargent's treatment of black students, including complaints that she "was always yelling at them" and "treated them differently because they were black."

40. Any documents related to teacher's overall or element performance ratings that were reduced to unacceptable based on a single incident or conduct or performance outside the evaluation period.

41. Whether the Performance Evaluation system used in 2013-2014 included a Professionalism element.

42. All documents related to the admission by Edward Souders that "no white teacher had ever been written up for saying 'hi' to another teacher."

44. All documents related to the claim by Edward Souders that "the union is the problem."

45. All documents related to Ms. Koslo Stahl's and the District's refusal or failure to investigate the Plaintiff's #448 complaint in June 2014.

46. All e-mails mentioning any form of the Plaintiff's name ("Anthony" "Ms. Stevenson" "Anthony Stevenson") to or from Karin Allende, Elizabeth Sargent, Tim Leary, Sean Whitelock, Edward Souders, Daniel Goffredo, Alan Lonocunus, Ronald Steckel, Leslie Koslo Stahl William Beyers, Nikki Salvatico, Leslie Koslo Stahl, Susan Tiede.

47. All documents related to the District settlement negotiations and agreement with the PSEA related to the Plaintiff's performance evaluations

48. All emails to and from Alan Lonoconus and Paul Gottlieb mentioning the Plaintiff.

49. Any documents related to illegal hunting or discharge of a firearm by Edward Sounders in the vicinity of Charlestown School or any other District.

50. Any documents or physical evidence related to the placement of no hunting signs in the vicinity of Charlestown School by Robert Goldstein or Edward Brown are a result of Edward Souder's hunting or discharge of firearms in the area adjacent to that or any other District school.

51. Any documents, including supervisory notes, related to discussions with supervisors, Weingarten meetings, performance actions, or discipline of teachers or students for saying "hi" to another student or teacher.

52. All performance evaluation policies, training and procedures.

53. The gender and racial composition (Black/African American, Asian, Latino/Hispanic) of Wisler Pearlstine, LLP.

54. All closed or pending cases assigned to Ms. Diaz and the race of the other party in those cases.

55. Ms. Diaz's hiring date.

56. Any documents related to EEOC or PHRC charges, complaint, hearings, trials or settlements related to discriminatory hiring or non-promotion practices at Wisler Pearlstine.

57. Any and all insurance policies indemnifying the District for legal judgments.

58. All documents related to whether the District's indemnity insurance covers mediated settlements.

C. **The following are the computable damages of the Plaintiff pursuant to his Amended Complaint and a computation of each category of damages claimed by the Plaintiff who must make available for inspection and copying as under FRCP 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based:**

Pursuant to his forthcoming Amended Complaint, Plaintiff claims the following computable damages:

1.   $200,000 in punitive damages.

2.   $100,000 in compensatory damages.

3.   Attorney fees at the Laffey Matrix Rate.

4.   Court costs and fees, including $400 filing fee.

5.   Discharge or resignation of Karin Allende, Elizabeth Sargent, and Edward Souders. Progressive discipline of Daniel Goffredo.

6.   16 hours of Plaintiff approved EEOC training for all District supervisors and officials.

7.   Revision of Policies 448 and AG 448 to require the use of EEOC certified investigators.

8.   Revision of Policies 448 and AG 448 removing those in the supervisory chain of command from the #448 complaint processing and investigative process.

9.   Revision of Policies 448 and AG 448 to expressly state investigation is not discretionary and that all complaints must be investigated and must be investigated by a certified investigator.

10.  Revision of AG 448 to expressly state that the investigator must interview and obtain sworn affidavits from the Complainant, all witnesses identified by the Complainant, all relevant management witnesses, all witnesses identified by management, and all other witnessed identified in the process of investigation.

11.  The creation and maintenance of a labor management committee, composed of two administrators and two teachers with the mission of increasing the District's hiring and retention of non-white teachers and processionals.

12.  An award of vacation or comp time for each hour the Plaintiff spent in the 2013-2014 PIP.

13.  Expungement of all PIPs, warnings, discipline from the Plaintiff's personnel file.

D.   **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

E.   **The identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705.**

The Plaintiff is currently negotiating with expert witnesses with critical-legal, historical, sociological, psychological expertise on the workings of the racist white psyche, and the paramount place that protecting white females from black males plays in white racism. That expert will testify on why a black male teacher's opposition to the workplace harassment of white female coworkers and that male teacher's protected EEO-type activity would generate such malice and years of unrelenting discrimination, harassment and retaliation by white male supervisor and officials like Souders, Goffredo, and Lonoconus. When the identity of the expert witness is established it will be disclosed.

Glenn Stephens III, Ph.D., Esq.
201 East Fairfax 302
Falls Church VA  22056
202-258-6521
Drghs3@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTHONY LYN STEVENSON, SR
                    **Plaintiff,**
                         **v.**                    CIVIL ACTION NO. 15-5933
GREAT VALLEY SCHOOL
DISTRICT
                    **Defendant.**

## CERTIFICATE OF SERVICE

I certify that on May 3, 2016, a true, correct copy of Plaintiff's Initial Disclosures was served via email upon:

Sharon R. Meisler, Esq.
AMS Law PC
22 west airy street
P.O. Box 1075
Norristown, PA  19404
smeisler@amslawpc.com
Sponsor for Plaintiff's Pro Hac Vice Counsel

Silvia Diaz, Esq.
Wisler Pearlstine, LLP
PA Bar No. 312435
460 Norristown Road, Suite 110 Blue Bell, PA  19422
(610) 825- 8400
sdiaz@wispearl.com
Attorney for Defendant, Great Valley School District