IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY LYN STEVENSON,
    Plaintiff

vs.                                      CIVIL ACTION NO.: 15-5933

GREAT VALLEY SCHOOL DISTRICT        September 29, 2016
    Defendant

**PLAINTIFFS'MOTION FOR QUALIFIED PROTECTIVE ORDER**

Plaintiff, by and through his attorneys, hereby move this Honorable Court as follows:

1. This is a Title VII case in which the parties, counsel, witnesses and others will need access to protected health information of the Plaintiff.

2. Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and its implementing regulations found at 45 C.F.R. §164.512(e), moving defendant hereby requests that the Court enter the attached Qualified Protective Order.

3. Pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the Privacy Regulations implemented under HIPAA which became effective April 14, 2003, the parties to this litigation are obligated to comply with the Privacy Regulations as we obtain and re-disclose protected health information such as medical records, etc., on behalf of our clients.

4. The Privacy Regulations at 45 C.F.R. §164.512(e) identify when a covered entity, i.e., a doctor, hospital, etc., may disclose protected health information in response to a subpoena or discovery request. For example, the regulations permit the covered entity to disclose protected health information when it receives satisfactory assurances that the parties have presented a qualified protective order ("QPO") to the court.

5. Under the QPO, the parties will be able to obtain protected health information solely for use in connection with this litigation and then will be able to disseminate those materials to counsels and expert witnesses. Without the QPO, the litigation will stall and discovery may not proceed.

6. The Plaintiff moves that the Court order that the protected health information not be shared with the individuals named as harassers or retaliators in this case but only with counsels and experts.

WHEREFORE, moving Plaintiff respectfully requests that this Honorable Court grant the Plaintiff's motion and enter the attached Qualified Protective Order.

                                                        Respectfully, submitted,

                                                        __/s/___
                                                        Glenn Stephens III, Ph.D., Esq.
                                                        201 East Fairfax 302
                                                        Falls Church VA 22056
                                                        Drghs3@gmail.com
                                                        202-258-6521

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY LYN STEVENSON,
    **Plaintiff**

            **CIVIL ACTION NO.: 15-5933**

vs.

**GREAT VALLEY SCHOOL DISTRICT**
    **Defendant**             September 29, 2016

## QUALIFIED P ROTECTIVE ORDER

AND NOW, this ____ day of ____ 2016, pursuant to Plaintiff's Motion, the Court hereby enters this Qualified Protective Order pursuant to the Privacy Rules implementing the HIPAA at 45 CFR §164.512(e):

1. In response to a discovery request or subpoena which is served under the Rules of Civil Procedure, the parties to this litigation and/or their counsel are permitted to obtain protected health information (hereinafter "PHI" from any health care provider/covered entity (hereinafter "covered entity") who rendered treatment to plaintiff or made payment for treatment on their behalf;

2. The parties and/or their counsel are prohibited from using any PHI obtained with this Qualified Protective Order (QPO) for any purpose other than this litigation; except that, nothing herein shall be construed to apply to, or impair the rights of, a party individual who is the subject of PHI that is covered by the QPO to use or disclose PHI that is solely about the party individual.

3. At the end of this litigation (including any and all appeals), the parties and/or their counsel will either return the PHI to the covered entity or destroy the PHI (including all copies made);

4. In conjunction with this litigation, the parties and/or their counsel are permitted to redisclose PHI to persons and/or entities including the following: any party to the litigation, counsel for any party to the litigation, non-expert witnesses, expert witnesses, counsel for any non-party to the litigation, the insurance carrier(s) for any party to the litigation, the M-CARE Fund, any other person permitted by other order of this Court and the Court.

5. Any person or entity who receives PHI pursuant to paragraph 4 of this Qualified Protective Order is prohibited from using the PHI for any purpose other than this litigation;

6. Any person or entity who receives PHI pursuant to paragraph 4 of this QPO must return the PHI to the covered entity or destroy the PHI (including all copies made) at the conclusion of the litigation.

                                                      BY THE COURT:

                                                      _____
                                                              J.

## CERTIFICATE OF SERVICE

I certify that a copy of this motion was sent to the Court via priority mail to and Defendant by email September 29, 2016 at:

Michael Kristofco Esq.
Silvia Diaz, Esq.
Wisler Pearlstine, LLP
PA Bar No. 312435
460 Norristown Road, Suite 110 Blue Bell, PA  19422
(610) 825- 8400
sdiaz@wispearl.com
Counsels for Defendant, Great Valley School District

/s/
Glenn Stephens III
201 East Fairfax 302
Falls Church VA 22056
202-258-6521
Drghs3@gmail.com