IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LYN STEVENSON, SR. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 15-cv-05933-JLS |
| GREAT VALLEY SCHOOL DISTRICT | : | |
| Defendant. | : | |

## **ORDER**

The parties' counsel and I had a telephone conference about discovery disputes referred to me for resolution (Doc. No. 38). As a result of the conference, the parties agreed to the following process (paragraphs 1-3, below) to attempt to expedite resolution of certain aspects of the current disputes. In addition, I will resolve two of the pending discovery motions and direct a response on the third.

Good cause appearing, and in conformance with the agreement of the parties, it is on this 11th day of October, 2016

### **ORDERED**

As follows:

1. Defendant will file a short motion outlining documents requested but not produced by plaintiff. Plaintiff shall produce any remaining documents in his possession that have not yet been produced and that respond to the defendant's requests, and shall submit an affidavit listing the documents he has produced (by Bates stamp number or other similar device) and affirming that he has produced all the documents in his possession responsive to the defendant's requests.

2. Defendant's counsel will send me a letter attaching a protective order previously requested by the plaintiff, concerning medical reports and other allegedly HIPPA protected documents. Defendant's counsel will state in the letter that defendant

has no objection to entry of the order. Upon entry of the order plaintiff will produce any documents he has in his possession that he has withheld pending receipt of such a protective order. These documents are also subject to the procedure outlined in paragraph 1, above.

3.    Counsel will confer and attempt to craft a joint stipulation concerning the nature of the wage loss alleged by plaintiff. As plaintiff's counsel explained, plaintiff alleges that he should be reimbursed for extra time spent addressing disciplinary actions he contends were not warranted. This claim would not be reflected as lost income by analysis or comparison of tax returns or other typical wage documents. If the parties cannot agree to a stipulation by October 21, 2016, then plaintiff will produce, by October 31, 2016, the tax return and other tax information requested by the defendant, so that the defendant can demonstrate to a trier of fact that plaintiff has not suffered a typical wage loss. The tax return and other tax information shall be produced subject to an appropriate protective order. If the parties cannot agree to the terms of such an order, they shall submit their proposed orders to me and I will issue an appropriate protective order.

4.    The referral order in this case (Doc. No. 38) comprehends only discovery motions and responses, those being Doc. No. 39, 41, 42, 43, and 44.

5.    Plaintiff's motion for sanctions, Doc. No. 39, is DENIED.

6.    Plaintiff's motion for protective order, Doc. No. 43, is DENIED, in light of the process outlined in paragraphs 1-3 of this Order.

7.    **On Thursday, October 13, 2016** the plaintiff shall file a response to the

defendant's motion for protective order (Doc. No. 41, filed September 28, 2016).  No reply shall be filed by the defendant without my leave.

**BY THE COURT:**


_ s/Richard A. Lloret _____
**RICHARD A. LLORET**
**UNITED STATES MAGISTRATE JUDGE**