# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN H. HALL,

     Plaintiff,

     v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

     Defendants.

Civil Action No. 16-1471 (JEB)

## <u>MEMORANDUM OPINION</u>

In the American judicial system, lawyers must act both as zealous advocates for their clients and as officers of the court. When an attorney loses sight of both duties in pursuit of his own ill-conceived personal objectives, however, the court must act in defense of the system's integrity. This Court, unfortunately, now finds itself in such a position with regard to attorney Glenn Stephens. Stephens briefly intervened in this case after its termination and, in so doing, filed numerous frivolous pleadings, many in direct violation of court orders. These actions, as well as the content of his filings, clearly and convincingly show that his true aim in pursuing this matter was the advancement of his own personal vendetta against *pro se* Defendant Rosemary Dettling, his former employer. As she has now reasonably responded by moving for sanctions against him, the Court will grant her Motion.

## I.    Background

The proof of this Motion's success lies in its factual pudding. For ease of digestion, in the first two sections, the Court lays out the pre-litigation relationship between Stephens and Dettling

the internet. See Mot. to Disq. at 2-3. For example, he posted the following review of FELSC

on Google:

> Worked for FELSC as a consultant for two plus weeks. When
> Rosemary Dettling started trying to nickel and dime me, in violation
> of our contract, I protested, Rather than honoring the terms of our
> contract, she said my services were no longer needed. I made
> somewhere in the neighborhood of $24-$36k for her in those weeks
> ($6 a retainer). And yet she was trying to cheat me out of a dozen
> dollars by claiming she would not pay for administrative tasks that
> were expressly part of our contract. So many federal employees are
> under siege but Rosemary only wants to help those who can afford
> her steep $6 retainer and $350 an hour. She loses clients left and
> right because of this. [sic]

Id. at 2. On other websites, Stephens made little effort to be professional, instead electing to

denigrate Dettling as "dishonest," "greedy," "creepy," and a "slimeball." Id. at 2-3 (citing

attached exhibits). He also claimed to have taken over representation of at least one of her

clients. Id. at 3.

Stephens, moreover, did not restrict himself to such public critiques. When he found

information about Dettling's representation of other clients through internet searches, he

sometimes reached out to her personally to pan her handling of the case. Id. In one instance,

Stephens discovered that Dettling had withdrawn from a case transferred by this Court to a

federal district court in Florida. See ECF No. 17 at 2-3 & Exh. F. The Florida court had notified

Dettling that she needed to apply for *pro hac vice* admission before the case could proceed. Id.

Stephens, having discovered this notification, emailed it to Dettling and her former clients, as

well as to a District of Columbia Bar representative, with a narrative indicating that Dettling may

have violated the professional code of conduct prohibiting the unauthorized practice of law. Id.

He also copied Dettling and the D.C. Bar on a later single-line email to the same former clients

he was now representing, stating only: "You should file your ethics complaint against Rosemary

if you haven't already." ECF No. 26, Exh. E.

settlement terms by any alleged misrepresentation from DHS because he had revoked the

agreement and then changed his mind only after "carefully considering [his] options." Id. at 4.

The Board went on to conclude that Hall's bias claim also failed because it was rooted in a

theory that the ALJ had improperly discussed the weakness of his case with Dettling, despite the

fact that such conversations are within the Board's applicable rules for such proceedings. Id. at

5.

Dissatisfied with this resolution, on July 15, 2016, Hall filed this pro se suit against DHS,

the attorney who represented the agency in the administrative proceedings, FELSC, Dettling, and

another FELSC attorney. In his Complaint, Hall alleged that the attorneys had misrepresented

the terms of the settlement he signed. See Compl. at 1. He further accused Dettling and her firm

of incompetence, asserting she had failed to fully explain a clause that restricted his ability to

renege on the agreement, fraudulently executed the agreement papers, and coerced him into

signing the settlement. Id. at 1, 5. Finally, he accused DHS of violating the Americans with

Disabilities Act and other federal laws during his employment. Id. at 11-14.

Before Defendants could answer the Complaint, however, Hall filed a motion revising his

initial claims and seeking to cancel his "demand for a jury trial and damages from" Defendants

DHS and FELSC. See ECF No. 7. The Court interpreted this motion as seeking a voluntary

dismissal of all Defendants except Dettling and granted his request via Minute Order on August

18, 2016. The Court further ordered Hall to show cause why it retained subject-matter

jurisdiction over his remaining claims against Dettling. Id. Four days later, Hall responded by

requesting that portions of the case be remanded to the MSPB, while other portions be sent to the

Superior Court for the District of Columbia, most notably his ineffective-representation claims

against Dettling. See ECF No. 8. This Court, accordingly, dismissed the entirety of the case on

Stephens failed to properly register an email with the Court to receive a copy of such motions electronically, she also overnighted a paper copy to him. See Mot. at 7 & Exh. K.

This bevy of motions was only the tip of the disturbing iceberg to follow. Stephens next contacted the D.C. Bar several times on September 24 to lodge ethics complaints against Dettling for an email she copied Hall on to seek his approval to file the motion for disqualification under seal. Id., Exhs. L, M. Then, rather than seek to vacate the dismissal of the case or wait for the imminent hearing to discuss the same, Stephens filed a motion to amend the Complaint on September 26, though he failed to attach any such revised complaint to the motion, as required by the local rules. See ECF No. 18. Stephens instead spent a significant amount of space in this purported motion laying out facts related to Dettling's allegedly poor representation of other clients. Id. He also referred to her previous motion to disqualify him as an *ex parte* communication with this Court, even though he had been mailed a copy, and oddly attached an unrelated bar complaint against Dettling that he had encouraged her former clients to file. Id. at 7 & Exh. 3. Stephens also sent an email to the Chief Judge of the MSPB around this time, accusing Dettling of lying about her interactions with the ALJ in Hall's case. See Mot. to Disq., Exh. O.

Days later, at the scheduled hearing, this Court sought to straighten out the growing mess created by Stephens's frenetic intervention in this case. The Court, in particular, asked Stephens to articulate why it would have jurisdiction over Hall's claims and, as later memorialized in a Minute Order, explained to him that he would need to move on Plaintiff's behalf to vacate the dismissal before proceeding with any other motions activity in the suit. See 9/28/16 Minute Order. In addition, the Court denied Stephens's motion to amend without prejudice, directing

7

memorialized in a Minute Order after that hearing, the Court clearly instructed all of the parties that the case would proceed in the following manner: Dettling would first file a supplemental motion renewing her request for Stephens's disqualification, and "no further motion may be filed until the Court <u>rules</u> on [that] disqualification motion." 10/12/16 Minute Order (emphasis added).

The Court might as well have saved its breath rather than issue this second admonition, as the Order had no apparent effect on Stephens's improper conduct. Just four days later, he filed another motion for entry of default against Dettling. <u>See</u> ECF No. 23. The Court denied his motion again, pointing out that it violated the Order not to file further motions before a ruling on Dettling's motion for disqualification. <u>See</u> 10/17/16 Minute Order. Stephens, however, immediately filed another response to "clarify" that he thought this motion for default was an appropriate supplement to the first motion for the same, which, as a reminder, the Court had already denied as inappropriate weeks earlier. <u>See</u> ECF No. 24.

Still undeterred, Stephens then filed a notice to withdraw his motion to disqualify Dettling, despite the fact that this motion, too, had already been denied weeks earlier. <u>See</u> ECF No. 28. In this new filing, Stephens also inexplicably continued to argue that Dettling should be disqualified from representing herself, ignoring the Court's previous explanation that a *pro se* litigant could not be so disqualified. <u>Id.</u> Beyond all reason, he also attempted to file another amended complaint six days later, which this Court again struck. <u>See</u> ECF No. 29; 10/27/16 Minute Order.

To cap things off, on October 30, perhaps fearing his disqualification was imminent, Stephens moved to withdraw his appearance in the case, claiming that Plaintiff could no longer "afford counsel." <u>See</u> ECF No. 31. In response, this Court granted the request, denied as moot

against him is now ripe, regardless, and the Court finds ample grounds upon which sanctions should be imposed.

## II.    Legal Standard

In seeking sanctions here, Dettling principally invokes 28 U.S.C. § 1927. That section provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To qualify as unreasonable and vexatious behavior, there must be "evidence of recklessness, bad faith, or improper motive" present in the attorney's conduct. LaPrade v. Kidder Peabody & Co., Inc., 146 F.3d 899, 906 (D.C. Cir. 1998) (quoting Travelers Ins. v. St. Jude Hosp. of Kenner, La., 38 F.3d 1414, 1416-17 (5th Cir. 1994)). A court may infer this malicious intent "from a total lack of factual or legal basis" in an attorney's filings. Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 227 (7th Cir. 1984). The issuance of such an award is ultimately vested in the discretion of the district court. See, e.g., Lipsig v. Nat'l Student Mktg. Corp., 663 F.2d 178, 181-82 (D.C. Cir. 1980).

This statutory sanction supplements, but does not displace, the court's inherent authority to impose sanctions necessary to achieve the orderly and expeditious disposition of cases before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991). Under this broader authority, which Dettling also cites, a federal court may sanction an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45 (quoting Aleyska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). Actions that "evince[] bad faith or an egregious disrespect for the Court or judicial process" may garner sanctions, including contempt citations, fines, awards of attorney fees, and such other orders and sanctions as the court finds

character back into the public record – in open defiance of the Court's prior orders denying or striking his previous motions. Id. His filings, in short, were not germane to the merits of this case and easily constituted "a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985); see also Robertson v. Cartinhour, 883 F. Supp. 2d 121 (D.D.C. 2012) (collecting D.C. Circuit precedents supporting imposition of Section 1927 sanctions for attorney's filing of frivolous or harassing motions); Walter v. Fiorenzo, 840 F.2d 427, 432-33 (7th Cir. 1988) (affirming Section 1927 sanctions imposed for "repeatedly raising arguments previously found to be meritless").

Nor does the Court have any difficulty finding bad faith or improper motive. Stephens's efforts did not stem from his desire to zealously represent his client, but rather from an intent to harm Dettling and smear her reputation. That purpose motivated his entry into this case as "amicus" all the way through his sudden and voluntary withdrawal. In sum, the Court finds by clear and convincing evidence that Stephens improperly sought to hijack this terminated suit solely to advance his own personal vendetta against Dettling. See Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir.1986) ("Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."). This is the definition of bad faith.

So what is the appropriate remedy? The most obvious in this type of case is to reimburse the opponent's attorney fees. The difficulty here is that Dettling proceeded as a *pro se* litigant and thus did not incur such fees. She nevertheless likely expended some money in having to defend against Stephens's frivolous motions and their attacks on her character. See Manion v. Am. Airlines, Inc., 395 F.3d 428, 432-33 (D.C. Cir. 2004) (rejecting sanctions awarding

## IV.    Conclusion

For the reasons explained above, the Court will issue a contemporaneous Order referring this matter to the D.C. Bar and the District Court's Committee on Grievances and requiring Stephens to pay any documented expenses arising from Dettling's defense against his earlier improper actions.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: December 1, 2016

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVEN H. HALL,

     Plaintiff,

       v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

     Defendants.

Civil Action No. 16-1471 (JEB)

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court

ORDERS that:

1. Defendant Dettling's Motion for Sanctions is GRANTED;

2. By December 15, 2016, Dettling shall file a pleading accompanied by an affidavit attesting to any costs and expenses that she seeks; and

3. The Court will separately forward the accompanying Memorandum Opinion to the D.C. Bar and the District Court's Committee on Grievances.

**SO ORDERED.**

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: December 1, 2016

1

# EXHIBIT 2

**Silvia Diaz**

| | |
|---|---|
| **From:** | Glenn Stephens <drghs3@gmail.com> |
| **Sent:** | Wednesday, September 14, 2016 10:00 AM |
| **To:** | Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov |
| **Cc:** | Silvia Diaz; Michael D. Kristofco; Sharon Meisler; Anthony & Leslie Stevenson |
| **Subject:** | Request for One Week Postponement of Conference in Stevenson v. Great Valley S.D. Civil Action No. 15-5933 |

Dear Judge Schmel:

Plaintiff respectfully ask that the telephone conference scheduled for today be postponed until next week at the same time so the parties have time to research and then better address the resumption of retaliatory conduct against Mr. Stevenson by the District and related pleadings.

On June 27, 2016, the parties met with Magistrate Judge Llorets to settle this case. But rather than bargaining in good faith, the District simply checked the box - making a bad faith offer well well below the "floor"  for settlements of harassment/retaliation cases of this duration and severity. In addition to making a bad faith offer of "mere scraps," the District's Counsel Mr. Kristofco made a thinly veiled threat that "the [School] Board wants Mr. Stevenson out of his job."

Two days later, the District made good on Mr. Kristofco's thinly veiled threat, resuming unlawful the familiar patter of reprisal like the District used to drive Stevenson out of the Middle School in 2014.  See Pl. MSJ. The District's signal is loud and clear – either take the scraps we offer or we'll drive you out of your job.

The District's efforts to create duress aimed at forcing signature of an unconscionable settlement are inconsistent with the basic principles of contract law as applied to Title VII. See generally, *Schmidt v. Shah*, 696 F. Supp.2d 44, 5514(D.D.C. 2010); *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 174 (D.D.C. 2007)("It is well-established that a party induced to enter a settlement agreement because of duress may be entitled to relief."); Restatement (Second) of Contracts § 175 (1981)("If a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable . . .")

Because the District's retaliation ripened to the level of a PIP last evening, the Plaintiff will, in the course of the next few days, move for leave to modify its complaint to add the incidents of harassment and reprisal that occurred since June 29. Although the District will counter that such amendments are precluded due to the exhaustion requirement, and that we must first file with EEOC, precedent seems to hold otherwise. See *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984); *Patsakis v. E. Orthodox Found.*, No. 04-1662, 2006 U.S. Dist. LEXIS 55330 (W.D. PA. 2006).

It is Plaintiff's position that such modification is permitted without first filing with EEOC because the District's retaliation arises from the Plaintiff's statutorily protected refusal to accept the District's bad-faith offer in settlement of this case. Because Plaintiff's refusal to take the bad deal the District is offering is protected activity arising from this trial, the amendment or modification of our complaint are reasonably related to the underlying charges already exhausted at EEOC and PHRC.

Strictly speaking, the term "amendment" is inapplicable. In EEOC procedure, supplementation of an existing complaint with additional incident(s) of harassment retaliation constitute a a "modifications" rather than an "amendment." This is not mere semantics. The filing of a modification alleging additional incidents of harassment or retaliation does not restart the investigative clock. In contrast, adding a new disparate treatment incident requires amendment and restarts the clock.

Therefore, strictly speaking, the Plaintiff will, with leave of the Court, modify the Second Amended Complaint by adding new incidents of harassment and retaliation. Even assuming these additions are amendments, no prejudice will result. The Defendant, Counts, and causes of action will remain the same.

The modification of our Second Amended Complaint to include recent incidents of retaliation and harassment makes good administrative and judicial sense. See *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981)("double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.") If recent incidents of retaliation and harassment are part of this case, those incidents can be included into discovery and included in this trial. But if exhaustion is required, then these incidents will, after a six-month delay, end up before this District's courts as a separate Title VII case.

Grabbing this bull by the horns now will save administrative and judicial resources, allowing the resolution of these matters in a single trial rather than two.

For these reasons, we ask that the Court postpone today's conference for one week until 3:30 PM Wednesday September 21, 2016.

Thanks for your consideration.

Glenn

Glenn Stephens III Ph.D., Esq.

Arbitrator Attorney Mediator Professor

Federal Employees Defense

This transmission, including any attachments, is confidential and/or privileged, as legal, settlement, mediation or arbitration related. It is intended solely for the use of the designated recipient(s). The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

On Tue, Sep 13, 2016 at 10:30 AM,
<Chambers of Judge Jeffrey L Schmehl@paed.uscourts.gov> wrote:
Judge Schmehl has scheduled a telephone conference for tomorrow, Wednesday, September 14, 2016 at 3:30 p.m.    Counsel for the Plaintiff shall initiate the telephone conference call, including Christopher Lyding, law clerk assigned, at 267-299-7562 and when all counsel and Mr. Lyding are on the line, call Chambers at 610-320-5099.

Thank you.

Barb

From:   Silvia Diaz <sdiaz@wispearl.com>

# EXHIBIT 3

**Silvia Diaz**

| | |
|---|---|
| **From:** | Glenn Stephens <drghs3@gmail.com> |
| **Sent:** | Wednesday, September 14, 2016 3:30 PM |
| **To:** | Michael D. Kristofco; Silvia Diaz; Sharon Meisler |
| **Subject:** | Conference call |

Dear Defense Counsels:

Both Sharon and I are currently on cell phones and neither of us have the knowledge or capacity to create a conference call.

Would either of you be so kind to call in to initiate the conference?

I called in earlier, so Mr. Lyding will be expecting a call.

Thanks

Glenn

PS - Please email Sharon and I the call-in number.

--
Glenn Stephens III Ph.D., Esq.
Arbitrator Attorney Mediator Professor
Federal Employees Defense

This transmission, including any attachments, is confidential and/or privileged, as legal, settlement, mediation or arbitration related. It is intended solely for the use of the designated recipient(s). The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

# EXHIBIT 4

## Michael D. Kristofco

| | |
|---|---|
| **From:** | Barbara_A_Crossley@paed.uscourts.gov on behalf of Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov |
| **Sent:** | Wednesday, September 14, 2016 3:50 PM |
| **To:** | Glenn Stephens |
| **Cc:** | Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov; Michael D. Kristofco; Silvia Diaz; Sharon Meisler |
| **Subject:** | Re: Stevenson v. Great Valley S.D. Civil Action No. 15-5933 |

The conference call has been rescheduled to tomorrow, Thursday, September 15, 2016 at 3 pm.   Our chambers could not coordinate the call.   It is the responsibility of counsel to initiate the call tomorrow.

Thank you.

Barb

From:   Glenn Stephens <drghs3@gmail.com>
To:     Silvia Diaz <sdiaz@wispearl.com>
Cc:     "Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov" <Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov>, Sharon Meisler <smeisler@amslawpc.com>, "Michael D. Kristofco" <mkristofco@wispearl.com>
Date:   09/14/2016 03:42 PM
Subject: Re: Stevenson v. Great Valley S.D. Civil Action No. 15-5933

Dear All:

I attempted to initiate the conference call earlier by calling Mr. Lyding.
I then spoke to Ms. Meisler and Mr. Kristofco. All of us lack either the phone capability or technical know how to great a five way conference.

I called Chambers and Chambers is attempting to coordinate a call.

Glenn

On Mon, Sep 12, 2016 at 4:37 PM, Silvia Diaz <sdiaz@wispearl.com> wrote:
  Dear Judge Schmehl,

Attached please find a letter requesting a telephone conference with the Court in order to resolve discovery disputes that have arisen between the parties.

Best regards,

Silvia Diaz

Attorney for the Great Valley School District

Silvia Diaz
Attorney - Education Law Department
Wisler Pearlstine, LLP

Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, PA 19422-2323

Telephone:  (610) 825-8400

Facsimile:  (610) 828-4887

sdiaz@wispearl.com
http://www.wislerpearlstine.com/

P  Please consider the environment before printing this e-mail.

The information contained in this e-mail transmission is privileged and confidential and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the e-mail materials is strictly prohibited. The review of this material by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this e-mail transmission in error, please immediately notify us by telephone at 610.825.8400. Thank you.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

--
Glenn Stephens III Ph.D., Esq.
Arbitrator Attorney Mediator Professor
Federal Employees Defense

This transmission, including any attachments, is confidential and/or privileged, as legal, settlement, mediation or arbitration related. It is intended solely for the use of the designated recipient(s). The use or disclosure of the information contained in this transmission for any
purpose other than that intended by its transmittal is strictly
prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

This email has been scanned by the Symantec Email Security.cloud service.

For more information please visit http://www.symanteccloud.com

# EXHIBIT 5

**Michael D. Kristofco**

| | |
|---|---|
| **From:** | Glenn Stephens <drghs3@gmail.com> |
| **Sent:** | Thursday, September 15, 2016 2:57 PM |
| **To:** | Silvia Diaz; Michael D. Kristofco; Sharon Meisler; |
| | Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov |
| **Subject:** | I will initiate the call in a moment |

Please bear with me, this is my first live attempt at doing so on my Iphone after several experiments earlier.

Glenn

--
Glenn Stephens III Ph.D., Esq.
Arbitrator Attorney Mediator Professor
Federal Employees Defense

This transmission, including any attachments, is confidential and/or privileged, as legal, settlement, mediation or arbitration related. It is intended solely for the use of the designated recipient(s). The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

# EXHIBIT 6

**Silvia Diaz**

| | |
|---|---|
| **From:** | Glenn Stephens <drghs3@gmail.com> |
| **Sent:** | Thursday, September 15, 2016 3:10 PM |
| **To:** | Chambers_of_Judge_Jeffrey_L_Schmehl@paed.uscourts.gov; Michael D. Kristofco; Silvia Diaz; Sharon Meisler; Anthony & Leslie Stevenson |
| **Subject:** | Plaintiff's Motion for Sanctions Related to Mr. Kristofco's Ex Parte Communication |
| **Attachments:** | Plaintiff Stevenson Motion for Sanctions 9 15.pdf |

Please find attached. Exhibits to follow.

--
Glenn Stephens III Ph.D., Esq.
Arbitrator Attorney Mediator Professor
Federal Employees Defense

This transmission, including any attachments, is confidential and/or privileged, as legal, settlement, mediation or arbitration related. It is intended solely for the use of the designated recipient(s). The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ANTHONY LYN STEVENSON,**
      **Plaintiff**

     **vs.**                        **CIVIL ACTION NO.: 15-5933**

**GREAT VALLEY SCHOOL DISTRICT**        _____, **2016**
      **Defendant**

**RULE TO SHOW CAUSE**

And now, this \_\_\_\_ day of _____ 2016, a Rule is entered upon Defendant and Defendant's counsel to show cause, if any, why sanctions should not issue, in accordance with Plaintiff's Motion for same.

Rule returnable on   _____, 2016.

**BY THE COURT**

_____

**J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY LYN STEVENSON,
      Plaintiff

vs.                              CIVIL ACTION NO.: 15-5933

GREAT VALLEY SCHOOL DISTRICT      September 15, 2016
      Defendant

PLAINTIFFS'MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 11
AND LOCAL RULE 83.6.1

For the reasons set forth in the accompanying Memorandum of Law, incorporated

herein, Plaintiff respectfully moves for sanctions against Defendant and Defendant's counsel.

Respectfully, submitted,

_/s/__
Glenn Stephens III, Ph.D., Esq.
201 East Fairfax 302
Falls Church VA 22056
Drghs3@gmail.com
202-258-6521

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY LYN STEVENSON,
     **Plaintiff**

                              **CIVIL ACTION NO.: 15-5933**

    vs.

GREAT VALLEY SCHOOL DISTRICT
     **Defendant**                      **September 15, 2016**

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 11
AND LOCAL RULE 83.6.1**

Pursuant to FED. R. Civil P. 11 and Local Rule 83.6.1, and for the reasons set forth below, Plaintiff respectfully moves for sanctions against Defendant and Defendant's counsel.

**I.**     **Issue: Whether the Court Should Sanction Mr. Kristofco Ex Parte Communication**

At issue is whether the ex parte communication of Defendant's Counsel    Mr. Kristofco on September 12, 2016 warrants sanctions under FED. R. CIV. P. 11 and Local Rule 83.6.1.

**II.**     **Factual Background**

On September 12, 2016, the Defendant's Counsel Mr. Kristofco communicated ex parte with the Court. The next day, the Defendant unlawfully discriminated against, harassed and retaliated against the Plaintiff Mr. Stevenson by placing him on a Performance Improvement Plan (PIP).

    **a. Mr. Kristofco's Requested Discovery Deadline and the Court's August 9th Order**

On August 9, 2016, at a status conference with Judge Schmel, Mr. Kristofco advised Judge Schmel as to "what I thought reasonable" regarding discovery deadline. See Exhibit 1. According to Mr. Kristofco, the Judge then "indicated he would set a 90 day discovery deadline." Id. That same day, Judge Schmel then issued an Order providing in relevant part :

AND NOW, this 9th day of August 2019 … it is hereby ORDERED that:

1. All fact discovery shall be completed by no later than November 8, 2016." See Exhibit 2.

3

### b. Mr. Kristofco's Ex Parte Communication to the Court on September 12, 2016

On September 12, 2016, Mr. Kristofco communicated ex parte to the Court via the attached

letter. See Exhibit 3. Mr. Kristofco's letter requested a telephone conference related to discovery

disputes pursuant to Local Rule D (2). See Exhibit 4. Local Rule D (2) provides in relevant part:

> In the event that a discovery dispute requires court intervention, the party
> contemplating a motion shall seek a telephone conference with the court before
> filing any motion. If the telephone conference fails to resolve the discovery dispute,
> the party seeking relief will be permitted to file an appropriate discovery motion. Id.

After requesting a telephone conference under Rule D (2), Mr. Kristofco then continued:

> Plaintiff has provided the District with **untimely, deficient and incomplete
> discovery** in this matter. In an effort to engage in good faith to resolve these
> discovery disputes and to avoid engaging in discovery-related motion practice,
> the District repeatedly attempted to arrange a conference with Plaintiff s
> Counsel . . . but all requests to schedule a phone conference were either
> dismissed or ignored by Plaintiff. Accordingly, **given that the fact-discovery
> deadline of November 8, 2016 is quickly approaching**, the District requests
> court intervention to facilitate discovery in this matter. Id. [Emphasis added]

### III. Whether Mr. Kristofco's September 12th Letter is a Prohibited Ex Parte Communication

The Pennsylvania Code of Judicial Conduct Rule 2.9 and the Pennsylvania Rules of

Professional Conduct Rule 3.5(b) govern prohibited ex parte communications. See Exhibits 5

and 6. Rule 2.9(A) provides in part, "A judge shall not initiate, permit or consider ex parte

communications made to the judge outside the presence of the parties or their lawyers. . . "

Rule 3.5(b) states in part: "A lawyer shall not communicate ex parte with [a judge, juror,

prospective juror or other official] *except as permitted by law or court order"*.

According to Philadelphia Bar Ethics Opinion 98-15 (January 1999)

> The two parts of the analysis of whether a lawyer's communication is
> prohibited by Rule 3.5(b) are, first, is the communication ex parte and
> second, is it with a judge, juror, prospective juror or other official? If the
> communication is not ex parte or is not with a judge, juror, prospective juror
> or other official, then it is not prohibited by the Rule. If the communication is
> ex parte and is with a judge, juror prospective juror or other official, then
> the second part of the analysis is to determine if the ex parte communication
> is permitted by law. If so, then it does not violate Rule 3.5(b). See Exhibit 7.

*A. Both Paragraphs of Mr. Kristofco's Letter are Ex Parte Communications*

Under the first analytical prong discussed above, the initial inquiry is whether Mr. Kristofco's September 12, 2016 communication was ex parte. Ethics Opinion 98-15 held:

> What is the definition of ex parte communications in Pennsylvania? Black's Law Dictionary defines ex parte as "On one side only; by or for one party; done for, in behalf of, or on the application of, one party only. A judicial proceeding, order, injunction, etc., is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested. Black's Law Dictionary (6th Ed. 1991). *In Mercy v. Department of Health*, 645 A.2d 924 (Pa. Commw. 1994), the Commonwealth Court, also citing Black's Law Dictionary, wrote that, "[t]he common and approved usage of ex parte is communications between the decision-maker and one party outside of the record and where the other party does not have notice or the opportunity to contest 645 A.2d at 928-929. Id.

The first paragraph of Mr. Kristofco's letter fits both of these definitions. That paragraph is his attempt on behalf of his client to gain a benefit for the Defendant without any opportunity for the Plaintiff to contest his request for a conference. Indeed, without hearing from the Plaintiff, the Judge Schmel ordered a conference. [i]

Given that the letter's first paragraph is ex parte under the above definitions, a fortiori the second paragraph is also. Mr. Kristofco's second paragraph is his attempt to frame the discovery dispute, characterize the Plaintiff's purported lack of cooperation in discovery, highlight selectively-chosen facts, and depict a deadline that actually is eight (8) weeks and two (2) days away as "quick approaching." Mr. Kristofco polemicized in this fashion and the Plaintiff's counsel had not opportunity to contest.

---

[i] The Plaintiff respectfully submits that the Court violated Rule 2.9(a) in so ordering. Rule 2.9(A) provides in part, "A judge shall not . . . consider ex parte communications made to the judge outside the presence of the parties or their lawyers. . ." Before ordering a conference based only on the Defendant's ex parte communication, the Judge should have allowed the Plaintiff the opportunity to content the Defendant's conference. His Honor could argue, however, that his consideration of the ex parte letter was allowed by Rule 2.9 (A)(1)(a) because His Honor reasonably believed no "procedural, substantive, or tactical advantage" would result from considering the ex parte letter. Plaintiff Counsel would note that Rule 2.9(A)(1)(a) and (b) are written in the conjunctive and that consideration of scheduling or administrative ex parte communications where the judge reasonably believes no "procedural, substantive, or tactical advantage" is contingent on "promptly" giving "the parties an opportunity to respond." Contrary to Rule 2.9(A)(1) (b) No such prompt opportunity to respond to the request for a conference was provided the Plaintiff's Counsel.

Mr. Kristofco's second paragraph is his attempt to "get his licks in first." And because his second paragraph attempts to tincture the Court's view and influence the Court's decision, the second paragraph of his letter is ex parte also.

### B. Both Paragraphs of the Ex Parte Communication are Prohibited

Under Rule 3.5(b), ex parte communication like the two paragraphs of Mr. Kristofco's letter are permitted only "by law or court order." Because Local Rule D (2) is neither, both paragraphs are prohibited ex parte communications.

The Plaintiff admits, however, that the first paragraph's violation of 3.5(b) is technical and de minimis. To hold otherwise would prevent the operation of Rule D (2). Put another way, the ex parte first paragraph falls under a policy exception But the same cannot be said of the second paragraph. Mr. Kristofco's letter could and should have ended under the first paragraph. To the extent that Local Rule D(2) carves out an exception to Rules 2.9 and 3.5, that Rule expressly allows only party to "seek a telephone conference with the court." Nothing in Rule D(2) so broadens the exception to the ex parte rule to allow the party "seeking a conference" to frame the discovery dispute, characterize the other-side's conduct, highlight selectively-chosen convenient facts, and depict deadlines as "quick approaching" when the deadline is nearly months away. Under Rule D(2), Mr. Kristofco should have requested the conference and nothing more – not one on to polemicize ex parte.

### C. The Second Violations of the Ex Parte Prohibition Warrants Sanctions

The second paragraph is an ex parte communication that does not fall under the exception carved out by Rule D(2) and not merely a technical or de minimis violation of Rule 2.9 and Rule 3.5. Therefor sanctions are warranted.

**IV.     Even If the Letter is Not a Prohibited Ex Parte Communication the Letter Violates Counsel's Ethical Duties Under 3.5(a)(3) and Local Rule 83.6.1**

Even assuming arguendo that the September 12th letter is not a prohibited ex parte communication, letter violates Mr. Kristofco's duty of candor to this tribunal.

**a. The Plaintiff's August 24, 2016 Document Response was Timely**

First, Mr. Kristofco falsely claims that the Plaintiff's discovery responses are "untimely." But given the November 8, 2016, Mr. Kristofco's chosen deadline for discovery, responses can only be untimely if submitted after that date.  Having requested a single November 8 deadline for discovery, the Defendant is estopped from unilaterally and arbitrarily set interim deadlines for phase of discovery.

In April, the Plaintiff suggested phased-in discovery, with interim deadlines for documents, interrogatories, admission and depositions. The Defendant refused. See Exhibit 8. Instead, in April and August, the Defendant sought one deadline.

Second, and more importantly, the Plaintiff's discovery responses are timely. The Plaintiff provided his response and documents to the Defendant on August 24, 2016. See Plaintiff's Discovery Timeline at Exhibit 9; see also Exhibit 10.  Indeed, the Plaintiff's most recent document responses were sent more than a week after the the Defendant's Document Request. See Exhibit 11.

**b. The Plaintiff's Document Response Is Neither Deficient or Incomplete**

Mr. Kistofco's claim in this regard is also untrue. The Plaintiff timely provided documents on August 24, 2016. Any document requests not provided fall under the well-established exceptions to discovery under Rule 16. That Rule provides

> (1)     *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any **nonprivileged** matter that is **relevant** to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues

7

at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. . . .

(2) *Limitations on Frequency and Extent.*

. . . .

(B)    *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. . . .

(C)    *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i)    the discovery sought is unreasonably **cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;**

The fact that Mr. Kristofco disagrees with the objections made is inapposite.

**c. Mr. Kristofco's Letter Violated Local Rule 83.6.1**

Local Rule 83.6.1 prohibits vexacious conduct. See Exhibit 12. Mr. Kristofco request for a conference was cynically timed to coincide with the issuance of the PIP to Mr. Stevenson the next day. By doing so, Mr. Kristofco diverted the time, attention and energy of Plaintiff's counsel to discovery and the conference call, preventing counsel from defending his client against the most recent round of retaliation and harassment.

Because the deadline for the call is upon us, the Plaintiff ends there.

Respectfully, submitted,

__/s/__
Glenn Stephens III, Ph.D., Esq.
201 East Fairfax 302
Falls Church VA 22056
Drghs3@gmail.com
202-258-6521

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTHONY LYN STEVENSON, SR
        **Plaintiff,**
           **v.**               CIVIL ACTION NO. 15-5933
**GREAT VALLEY SCHOOL
DISTRICT**
        **Defendant.**

**CERTIFICATE OF SERVICE**

I certify that a copy of this motion was sent via e-mail and priority mail to the Court and Defendant on September 15, 2016 at

Michael Kristofco Esq.
Silvia Diaz, Esq.
Wisler Pearlstine, LLP
PA Bar No. 312435
460 Norristown Road, Suite 110 Blue Bell, PA  19422
(610) 825- 8400
sdiaz@wispearl.com
Counsels for Defendant, Great Valley School District

                                                /s/
                                      Glenn Stephens III
                                      201 East Fairfax 302
                                      Falls Church VA 22056
                                      202-258-6521
                                      Drghs3@gmail.com

# EXHIBIT 7

## Michael D. Kristofco

| | |
|---|---|
| **From:** | Glenn Stephens <drghs3@gmail.com> |
| **Sent:** | Tuesday, November 15, 2016 9:55 AM |
| **To:** | Michael D. Kristofco; Lawrence D. Dodds |
| **Subject:** | Better settle before you lose this case, lose the client, and expose yourself to malpractice. |

You were served properly under Rule 403 on December 28 and didn't file an answer or otherwise defend in 21 days.

If or when you lose by default, due to your negligence, you will lose more than the case. You will likely lose the client and likely get sued for malpractice.

Because clients don't like it when they lose cases and money because the lawyer misses a deadline.

You would do well to settle the case for $30,000, not lose, keep the client, and avoid malpractice.

My hunch is that the loss of business and the increase in your malpractice insurance will be well over the $30k requested.

Better settle before you lose.

Glenn

PS - If you are prudent and decide to settle, then feel free to write up the agreement. We will agree to waive all claims related to transactions prior to Anthony's move from GVMS for $30k untaxed.

--
Glenn Stephens III Ph.D., Esq.
Arbitrator Attorney Mediator Professor

This transmission, including any attachments, is confidential and/or privileged, as legal, settlement, mediation or arbitration related. It is intended solely for the use of the designated recipient(s). The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com