**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY LYN STEVENSON, SR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.   15-5933** |
| | : | |
| **GREAT VALLEY SCHOOL DISTRICT** | : | |

**MEMO/ORDER**

Plaintiff filed this Title VII action *pro se* on October 30, 2015. On February 24, 2016, Glenn Stephens III, Esq. ("Stephens"), an attorney domiciled in Virginia and admitted to practice in the District of Columbia, filed an application for admission to practice before this Court *pro hac vice* on behalf of the plaintiff who is Stephens' brother-in-law. Stephens' application was sponsored by Sharon R. Meisler, Esq, ("Meisler"), an attorney admitted to practice before this Court. (ECF 5.) The Court approved the application on March 23, 2016. (ECF 10.)

On November 21, 2016, the Court granted a Rule upon Stephens to show cause why he should not be held in contempt or otherwise sanctioned for failing to appear at two status conferences with opposing counsel and the Court. (ECF 56.) The Court scheduled a hearing for December 9, 2016. (Id.)

On November 22, 2016, Stephens filed a Notice of Withdrawal in which he announced that "[w]ith Plaintiff's consent, Dr. Stephens announces his withdrawal under [Local] Rule 5.1." (ECF 59.) By doing so, Stephens failed to comply with Local Rule 5.1(c) which requires that Stephens first seek leave of court to withdraw since another attorney did not enter his appearance on the same date that Stephens announced his intention to withdraw.  On December 5, 2016, Meisler filed a motion to withdraw as attorney of record. (ECF 66.) On December 8, 2016, Stephens filed a "Motion to Withdraw Motion to Withdraw" in which he alleged that "[t]he Plaintiff has or will shortly retain Edward C. Sweeney of Wusinich & Brogan, to replace Ms. Sharon Meisler. The Plaintiff and Mr. Sweeney have agreed to representation on the express condition that

1

Mr. Sweeney serve as Local Counsel and Dr. Stephens serve as Lead Counsel." (ECF 71 at p. 1). On that same date, defendant filed a motion for sanctions against Stephens in which defendant alleged, *inter alia*, that "[i]stead of diligently prosecuting this case, Stephens occupied himself with abusing the judicial process by repeated frivolous filings designed to publicly embarrass District employees while forcing the District to incur excessive and unwarranted legal fees." (ECF 73-1, at p. 1.)

During the hearing on December 9, 2016, the Court granted Meisler's motion to withdraw. (ECF 77.) As a result, Stephens no longer retained a sponsor for his admission to practice before this Court and was no longer authorized to represent plaintiff. See Local Rule 83.5.2(b). Moreover, contrary to Stephens' representations, to date neither Sweeney nor anyone else has entered his appearance on behalf of plaintiff. In the meanwhile, despite the fact that he was no longer authorized to represent plaintiff, Stephens accelerated a disturbing trend of bombarding the Court with frivolous motions and documents.

On December 19, 2017, Stephens filed a Notice of Withdrawal of the Complaint. (ECF 81.) The Notice was not signed by plaintiff. Unfortunately, since the Court granted Meisler's motion to withdraw and a new attorney had not entered an appearance to sponsor Stephens, Stephens had no authority to file such a Notice of behalf of plaintiff. In addition, any notice of withdrawal without court order had to be in the form of a stipulation between plaintiff and counsel for the defendant. See Fed. R. Civ. P. 41(a)(1)(A)(ii). Given these circumstances, the Court will allow *plaintiff* until January 31, 2017 to file either a signed joint stipulation of dismissal with counsel for the defendant or a one-paragraph motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a) that is signed by plaintiff**.** Again, the Court reminds plaintiff that Stephens is no longer authorized to represent the plaintiff before this Court.

Accordingly, it is hereby ORDERED that:

1. The Clerk is DIRECTED to terminate Glenn Stephens III, Esq. as counsel for plaintiff.
2. The Clerk is DIRECTED to strike all documents filed by Stephens after December 9, 2016, the date his sponsor was granted leave to withdraw from this case.

3. Glenn Stephens III, Esq. is barred from filing any more documents on this Court's ECF system in this matter, unless he first requests permission from this Court.

4. Plaintiff is granted until January 31, 2017 to either file a signed joint stipulation of dismissal with counsel for the defendant or a one-paragraph motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a) that is signed by plaintiff. If the Court does not receive such a stipulation or motion by January 31, 2017, the case will proceed with plaintiff acting *pro se*.

5. The Clerk is further DIRECTED to send a copy of this Order directly to the plaintiff.

BY THE COURT:


DATE: 1-11-17                          **/s/ Jeffrey L. Schmehl**
                                       JEFFREY L. SCHMEHL, J.